IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW RIEDER,

          Petitioner,                No. CIV S-08-2729 GGH P

vs.

RICHARD B. IVES, et al.,

          Respondents.         <u>ORDER</u>

_____/

         Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner is serving a 181 month term of imprisonment following his conviction for unarmed bank robbery (2 counts) in violation of 18 U.S.C. § 2113(a), armed bank robbery (2 counts) in violation of 18 U.S.C. § 2113(a) and (d) and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

         Petitioner raises four grounds for relief challenging his sentence.  After carefully reviewing the record, the court orders the petition denied.

<u>Undisputed Factual Background</u>

         On March 21, 2001, petitioner was arrested by the Palo Alto Police Department and placed under the exclusive jurisdiction of the State of California.  On January 20, 2002, while still in state custody, petitioner was indicted by the United States District Court for the

Northern District of California on the charges of which he is now convicted.

On February 5, 2002, a Writ of Habeas Corpus ad Prosequendum was issued for the production of petitioner in the district court to answer the indictment.  On March 6, 2002, petitioner was removed from the Santa Clara County Jail by the U.S. Marshals Service pursuant to the Writ of Habeas Corpus ad Prosequendum.  On December 3, 2002, petitioner plead guilty to the indictment.

On April 8, 2003, petitioner was sentenced in federal court to 181 months.  On April 21, 2003, petitioner was returned to the Santa Clara County Jail.  On May 2, 2003, petitioner was sentenced in state court to 3 years with credit for 748 days.

On September 26, 2003, petitioner was paroled from the state sentence to the U.S. Marshals Service detainer.  As a result of his parole, petitioner was placed in the exclusive custody of the federal government.  His sentence was calculated to commence on that date.

Discussion

*Claim One*

Petitioner alleges that he is entitled to 450 days of federal sentence credit for the time he spent in state custody because he was denied bail in the state case as a result of the federal detainer.

18 U.S.C. § 3585 provides

(b) **Credit for prior custody.**  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

1) as a result of the offense for which the sentence was imposed; or

2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

18 U.S.C. § 3585(b).

By allowing only those presentence custody credits that have "not been credited against another sentence," "Congress made clear that a defendant could not receive a double

1    credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992); see also

2    Boniface v. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988) (per curium) (applying the precursor to

3    18 U.S.C. § 3585 and concluding that "[S]ince the State of Florida gave [petitioner] credit on his

4    state sentence for the period of time he was denied release [from state custody], he is not entitled

5    to credit against his federal sentence for the same period of time.")

6           Pursuant to § 3585(b), petitioner is not entitled to credit toward his federal

7    sentence for the time he spent in state custody for two reasons: (1) he was arrested on state

8    charge *before* he was arrested on the federal charges thereby rendering the whole "credit for prior

9    custody" section non-operative,[1] and (2) because the state court already gave him credit for this

10   time in any event.  As discussed above, petitioner is not entitled to receive double credit for his

11   detention time.[2]

12          In support of claim one, petitioner argues that he is entitled to credits pursuant to

13   Willis v. United States, 438 F.2d 923 (5th Cir. 1971).   Pursuant to Willis, the Bureau of Prisons

14   (BOP) is permitted to credit time to an inmate's federal sentence for a related, previous

15   incarceration although he already received the same credit for a state sentence.  Willis, 438 F.2d

16   at 925 (5th Cir.1971).  To be eligible for Willis credits, the inmate must be serving a concurrent

17   federal sentence  and the inmate must not actually benefit from a credit to his state sentence.  Id.

18   Because petitioner's state and federal sentences are not concurrent, petitioner is not entitled to

19   Willis credits.  See Respondent's Answer, Exhibits, Hazelton Declaration,¶ 10, ¶ 12.

20   \\\\\

---

22   [1]Section 3585 (b)(2) requires the time served for which a person seeks credit to relate to a charge for which the defendant was arrested which occurred *after* the federal charge at issue.  In this case, petitioner's state arrest came before the federal charges.

24   [2]In the traverse, petitioner claims that under the rule of lenity, "another sentence" as used in § 3585(b) is ambiguous and therefore can only refer to a federal sentence.  The undersigned rejects this assertion as "another sentence" is related to "any other charge" which appears in the same section.  Petitioner needs "any other charge" to be a state offense in order for his credit argument to work, but then contends "another sentence" can only refer to a federal sentence. This forced dichotomy within the same statute does not make sense.

1    *Claims Two, Three and Four*

2         In claim two, petitioner argues that his federal sentence was improperly ordered to

3    be served consecutively to his state court sentence because the state court determined that the

4    state sentence should be served concurrently with the federal sentence.  In claims three and four,

5    petitioner argues that his constitutional rights were violated when the Bureau of Prisons (BOP)

6    denied his request for nunc pro tunc designation.  Because petitioner had already served his state

7    court sentence when he made this request, the request was for retroactive designation.

8         As to claim two, district courts cannot order a sentence to run either concurrently

9    or consecutively to a non-existent term.  <u>Taylor v. Sawyer</u>, 284 F.3d 1143, 1148 (9th Cir. 2002).

10   Because petitioner had not yet been sentenced in state court at the time he was sentenced in

11   federal court, the district court did not have authority to order the sentences to run concurrently.

12        Turning to claims three and four, the BOP has the authority to treat state and

13   federal sentences as concurrent in the following relevant circumstances; 1) if an inmate requests a

14   nunc pro tunc designation, and the district court does not object; or 2) if a state jurisdiction

15   makes such a request.  The BOP's decision to deny a request for nunc pro tunc designation is

16   reviewed only to determine whether the denial was arbitrary and capricious.  <u>Taylor v. Sawyer</u>,

17   284 F.3d at 1149.

18        The factors used by the BOP to evaluate requests for nunc pro tunc designation

19   include:

20        (1) the resources of the facility contemplated;
         (2) the nature and circumstances of the offense;
21        (3) the history and characteristics of the prisoner;
         (4) any statement by the court that imposed the sentence--
22        (A) concerning the purposes for which the sentence to imprisonment was
         determined to be warranted; or
23        (B) recommending a type of penal or correctional facility as appropriate; and
         (5) any pertinent policy statement issued by the Sentencing Commission pursuant
24        to section 994(a)(2) of title 28.

25   18 U.S.C. § 3621(b).

26   \\\\\

4

1          In the instant case, the Factors Worksheet under 18 U.S.C. § 3621(b) used by the

2   BOP in evaluating petitioner's request for nunc pro tunc status is attached to respondent's answer

3   as Exhibit 14.  The worksheet indicates that the BOP considered all of the factors set forth in §

4   3621(b).  Answer, Exhibit 14.  The BOP denied petitioner's request based on the seriousness of

5   his offenses, institutional adjustment and the district court's non-response regarding the

6   retroactive designation, i.e. factors 2-4.  Id.

7          Regarding the seriousness of the offense, the form set forth the offenses petitioner

8   was convicted of in state and federal court.  Id.  Regarding petitioner's history, the form stated

9   that a review of his federal institutional adjustment revealed incident reports for possessing a

10  dangerous weapon, threatening bodily harm (twice) and refusing to work.  Id.  The form

11  described petitioner's criminal history as including convictions for possessing a substance or

12  material with the intent to injure, disturbing the peace, trespassing and minor in possession of

13  alcohol.  Id.

14         The form also stated that petitioner's state presentence report detailed petitioner's

15  possession of firearms, a military flack vest, miscellaneous ammunition, materials used to

16  construct pipe bombs, and documents on how to manufacture black powder and build pipe

17  bombs.  Id.  According to the FBI, petitioner had manufactured Ricin in his presence.  Id.  When

18  questioned, petitioner admitted possession information on how to make Ricin, had considered

19  making it, but never did.  Id.

20         Regarding statements by the court that imposed the sentence, the form stated that

21  the judgment in the federal case was silent whether petitioner's sentence should be served with

22  concurrent with the state sentence.  Id.  The federal sentencing judge had not responded to the

23  request for information regarding petitioner's request for nunc pro tunc status.  Id. The form did

24  not mention that the state court had recommended that the state and federal sentences be served

25  concurrently.  Id.

26  \\\\\

1    Petitioner's administrative appeal of the denial of his request for nunc pro tunc

2  status was denied on December 24, 2008.  Respondent's Answer, Exhibit 17.  The memorandum

3  denying petitioner's appeal stated that the sentencing court was contacted to provide input

4  regarding petitioner's request but, to date, had not responded.  Id.

5    After reviewing the record, the court does not find that the BOP's denial of

6  petitioner's request for nunc pro status was arbitrary or capricious.  The BOP considered the

7  relevant factors, detailing petitioner's criminal history and present offenses as well as his

8  institutional behavior.  Because the District Court did not respond to the request for input

9  regarding petitioner's request, the BOP could not consider the district court's input.

10    Finally, petitioner argues that the BOP was bound to adopt the state court's

11  recommendation that his state and federal sentences be served concurrently.  However,

12  concurrent sentences imposed by state judges "'are nothing more than recommendations to

13  federal officials.'"  Taylor v. Sawyer, 284 F.3d 1143, 1150 (9th Cir. 2002) (quoting Del Guzzi v.

14  United States, 980 F.2d 1269, 1272-73 (9th Cir. 1992).

15    Accordingly, IT IS HEREBY ORDERED that petitioner's application for a writ of

16  habeas corpus is denied.

17  DATED: June 12, 2009

18    /s/ Gregory G. Hollows

19    _____
    UNITED STATES MAGISTRATE JUDGE

20

21  rie2729.157

22

23

24

25

26